## Scranton Lathe Turning Company to use of J. H. Kemmerrer v. John J. Cassidy, Owner and Appellant, and C. H. Grunwald, Contractor.

*Mechanic's lien—Apportionment—Evidence—Charge of court.*

On a scire facias on an apportioned mechanic's lien against several adjoining houses, where there is evidence that the material was furnished on the credit of the houses, but that all of the material furnished did not go into the construction of the houses, the defendant cannot complain because the court charged that plaintiff's recovery should be restricted to the value of the materials, shown to have been furnished by plaintiff on the credit of the buildings and actually used in their construction.

Argued April 2, 1895. Appeal, No. 157, Jan. T., 1895, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1892, No. 180, M. L. D., on verdict for plaintiff. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias on apportioned mechanic's lien against twenty-five two-story brick dwelling houses. Before REED, J.

At the trial defendant claimed that the materials were not delivered by plaintiff to the houses liened. or upon the credit of the houses, but that they were sold and delivered directly to and upon the credit of the contractors. They also claimed that plaintiff's testimony tended to show that it contracted directly with the owner, and not with the contractors, as alleged in the lien.

The court charged as follows:

"The suit in this case is upon a lien filed against a particu-

lar house, and I think we may assume as this case goes the other cases may follow. In other words, there is a claim here for a lot of goods that were furnished for twenty-five houses, and we have only to do with one of the twenty-five houses. Therefore we take the total amount of goods furnished and divide the amount by twenty-five, which will give you the claim against one house.

"The plaintiffs claim that the amount on each house is $11.27 and the question is whether it is that or nothing at all, as claimed by the defendants, or $6.15 or $8.35, depending upon certain questions of law and facts.

"Now the evidence in this case, the law upon which I will give you positive instructions, is clear up to a certain point, and that point of doubt is as to how much of these goods went into that particular house. In other words, under the evidence in this case there is really nothing for you to consider except the question as to whether there went into this house the amount stated by the witness in detail here, which would make $6.15 for each house, or his general estimate that about three fourths of that order went into each house, which would make a larger sum of money for each house, namely, $8.35. In other words, the evidence in this case, which is uncontradicted, and, therefore, unless you disbelieve the witnesses totally, and I see no cause for you to do so, you will find there was a contract between the defendant Cassidy and the contractor Grunwald; and that Grunwald in the first instance ordered a certain bill of goods, which is the entire amount claimed in this case, for the whole twenty-five houses, and before the delivery of the goods, Mr. Brown, acting for the plaintiff, waited upon Mr. Cassidy and asked him whether Grunwald, the contractor, was a responsible person, and Mr. Cassidy told him that he was; that he and his then partner, Ambrose, were responsible, and then Mr Cassidy said if they were not he would be responsible. Mr. Brown testifies that he told Mr. Cassidy that he didn't know anything about his (Mr. Cassidy's) responsibility, and that Mr. Cassidy then said, pointing to a row of houses, 'They are good for all that goes into them.' Now it is admitted that the order for these goods in the first instance, by Grunwald, included these houses, but it is for you to say how much of this material went into these houses. There is no question but that these

twenty-five houses were mentioned in the interview between Cassidy and Brown, and that being the case, I charge you, as a matter of law, that the liability for the bill is upon the defendant to the extent of the amount of the material that went into them. There is no evidence that the whole lot went into them.

" The only question is, and the only witness we have on that subject is Grunwald, the contractor, and the question is, how much shall we gather from his testimony of this material went into the houses? If we assume that 1250 balusters and 750 handrails, and 50 newels went into the houses, then at the prices charged here the total amount would be $153.75, which divided by 25 makes $6.15 for each house; but, if on the other hand, we assume his general statement that three fourths of the bill went into these houses, then the claim for each house would be $8.35. Under the evidence in this case it is for you to say whether the verdict should be for $6.15 for each house or $8.35, as he is the only witness upon the subject as to how much of this material went into these houses."

Defendant's points were as follows :

" 1. That the lien in this cause having been filed against Charles H. Grunwald, contractor, and the lien claimant having sworn that Charles H. Grunwald was not the contractor, but that John J. Cassidy was both owner and contractor, the variance is fatal, and the claimant cannot recover in this case against the premises he seeks to charge with the lien. *Answer:* That point containing a statement which in my judgment is not supported by the evidence, I refuse that point." [5]

" 2. That the lien in this cause having been filed against Charles H. Grunwald as contractor, and the evidence being that the materials, the subject-matter of the lien, were not sold and delivered to him, but to John J. Cassidy, the variance is fatal and the claimant cannot recover in this case against the premises he seeks to charge with the lien. *Answer:* I refuse that point, also." [6]

" 3. That the evidence in the cause being that the materials furnished were much larger in quantity than could reasonably be used in the twenty-five houses covered by the lien filed, the verdict of the jury cannot be for such an unreasonable amount, and the filing of a claim for such unreasonable amount should have its weight with the jury in determining if the goods were

actually sold upon the credit of the houses.  *Answer :* I refuse that point, because I do not think the evidence justifies me in charging that the amount was unreasonable." [7]

" 4. That the weight of the evidence in the case shows that the materials were not sold and delivered on the credit of the buildings, but upon the personal credit of the contracting party. *Answer :* I refuse that point, also." [8]

" 5. That there is no evidence showing that the plaintiff delivered the goods to the premises or on the credit thereof. *Answer :* I refuse that point." [9]

Verdict and judgment for plaintiff for $9.20.  Defendant appealed.

*Errors assigned,* among others, were (5–9) above instructions, quoting them.

*William H. Staake,* for appellant, cited : Barclay v. Wainright, 86 Pa. 191 ; Harlan v. Rand, 27 Pa. 511 ; Dickinson College v. Church, 1 W. & S. 462.

*Emanuel Furth, Jacob Singer* with him, for appellee, cited : Dickinson College v. Church, 1 W. & S. 465.

PER CURIAM, April 22, 1895 :

This scire facias is on an apportioned mechanic's lien against " twenty-five adjoining two story brick dwelling houses . . . . and the lots of ground and curtilage appurtenant thereto."  The claim is for the value of balusters, newels and rails, furnished by the plaintiff for and about the erection and construction of said houses, amounting to $281.76, or $11.27 to each house.  The right of plaintiff to recover depended on questions of fact which were submitted to the jury, by the learned trial judge, in a charge quite as favorable to the defendant as he was entitled to.  He substantially instructed them that plaintiff's recovery should be restricted to the value of the materials shown to have been furnished by plaintiff on the credit of the buildings and actually used in their construction.  If this was not strictly correct the plaintiff company is the only party that has any reason to complain ; but, while the verdict is nearly twenty per cent less than its apportioned claim, it is not here com-

plaining. We find nothing in the record that is unduly prejudicial to the defendant, or that requires us to sustain any of the specifications of error. There is nothing in either of them that requires special consideration.

Judgment affirmed.